AO 106 (Rev. 04/10)  Application for a Search Warrant

**FILED**

U.S. District Court
District of Kansas

# UNITED STATES DISTRICT COURT

for the

District of Kansas

1/27/2022

Clerk, U.S. District Court
By_____AA_____ Deputy Clerk

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with Snapchat accounts dustystrom20,<br>countrygirlaz, ivyphi, that is stored at premises controlled by<br>Snap Inc. (see Attachment A) | )<br>)<br>)<br>)<br>)<br>) |

Case No. 22-MJ- 6007 01-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information associated with Snapchat accounts dustystrom20, countrygirlaz, ivyphi, that is stored at premises controlled by Snap Inc. (see Attachment A)

located in the _____Central_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Production of Child Pornography |
| 18 U.S.C. § 2252/2252A | Offense relating to the Sexual Exploitation of Children |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

John V. Ferreira, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed telephonically.

Date:  1/27/2022

*Judge's signature*

City and state:  Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC).  Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.  I have gained experience through training and everyday work relating to conducting these types of investigations.  I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2.      This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(I)(A) and 2703(c)(1)(A) to require Snap Inc. (Snapchat) to disclose to the government records and other information in its possession, further described in Attachment B, pertaining to the accounts, further described in Attachment A.

3.      As will be shown below, there is probable cause to believe that the identified Snapchat account(s) have been involved in the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I submit

this application and affidavit in support of a search warrant authorizing the search of the account(s) described in Attachment A. I seek authorization to examine the account(s) to seize evidence, fruits, and instrumentalities, relating to the aforementioned criminal violations, and as further described in Attachment B.

4.     The statements in this affidavit are based in part on information provided by Kik, Snapchat, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Parsons Police Department, and Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter.  Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) may be found in the account(s) described in Attachment A.

## JURISDICTION

5.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a District court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## TECHNICAL INFORMATION REGARDING SNAP, INC.

Page **2** of **18**

6.      Snapchat is a mobile application designed, owned, and operated by Snap, Inc. and available through the iPhone App Store and Google Play. The application provides users the ability to share photos, videos, and texts. Shareable content includes "Snaps," "Stories," "Memories," and "Chats."

7.      Basic subscriber information is collected when a user creates a new Snapchat account, alters information at a later date, or otherwise interacts with the Snapchat app. Basic subscriber information may include a Snapchat username, email address, phone number, display name, Snapchat account creation date and IP address, and timestamp and IP address of account logins and logouts. The logs containing IP addresses associated with the account login and logout are retained for a limited period of time after the user has deleted their Snapchat account.

8.      "Snaps" allow a user to take photos or video using their mobile device's camera in real-time and then send those photos or videos to any of their "friends" or in a Story or Chat. Unless the sender or recipient opts to save the photo or video, the message will be deleted from the sender's device once the message is sent or the recipient's device after the message is opened. Snap, Inc.' s servers are designed to automatically delete an unopened Snap sent directly to a recipient after 30 days and an unopened Snap in Group Chat after 24 hours.

9.      "Stories" are a collection of "Snaps" displayed in chronological order. These can be viewed by all Snapchat users, a user's "friends", or a custom audience depending on a user's privacy settings. Snap, Inc.'s servers are designed to automatically delete a user's "Story" 24 hours after the user posts the "Story" but the user may delete part or all of the "Story" earlier. Submissions to "Our Story" may be saved for longer periods of time.

10.     "Memories" is Snapchat's cloud-storage service. Users can save their sent or unsent "Snaps," posted "Stories," and photos and videos from their phone's photo gallery in "Memories." Content saved in "Memories" is backed up by Snap, Inc. and may remain in "Memories" until deleted by the user. Users may encrypt their content in "Memories" (called "My Eyes Only"), in which case the content is not accessible to Snap, Inc. and cannot by decrypted by them.

11.     "Chats" is a feature within Snapchat that allows users to type messages, send "Snaps," audio notes, and video notes to their "friends." Snap, Inc.'s servers are designed to automatically delete one-to-one "Chats" once the recipient has opened the message and both the sender and recipient have left the chat screen, depending on the user's settings. Snap, Inc.'s servers are designed to automatically delete unopened one-to-one "Chats" in 30 days. Users are also able to chat in groups. "Chats" sent in groups are deleted after 24 hours whether they are opened or not. A user can save a message in "Chat" by pressing and holding the message. The user can unsave the message by pressing and holding it again. This will delete it from Snap, Inc.'s servers. Users can also delete "Chats" that they have sent to a recipient before the recipient has opened the chat or after the recipient has saved the chat.

12.     Snap, Inc. will collect location data at various points during a user's use of Snapchat if the user has device-level location services turned on and has opted into location services on Snapchat. The retention of this location data will vary depending on the purpose of the collection. Users have some control over the deletion of their location data in the app settings.

**PROBABLE CAUSE**

13.     This investigation began with a CyberTipline Report which was later connected to several more CyberTipline Reports and to Dustin Strom in Parsons, Kansas.

14.     On about August 22, 2021, Kik submitted a CyberTipline Report to NCMEC identifying its user "dustymuffin12" had uploaded 77 files, included depictions of prepubescent children engaged in sex acts (described below). As part of its report, Kik provided account information which included an associated email address of drstrom96@gmail.com.

15.     As an example of the content reported by Kik, the user had uploaded a video file (identified as d62c12b8-125c-4f0e-abf6-cef1307580f8.mp4) which depicted an adult male sticking his penis into an infant's mouth.

16.     Another example was an image of a prepubescent child (MINOR VICTIM 1) seated next to an adult male with the adult's penis exposed next to the child's face, suggestive that the child will be made to perform oral sex. That image had been shared from the account 8 times between July 23 and August 4, 2021. This image was later determined to be a child in the custody or control of Dustin Strom, a resident of 1016 South 15th Street, Parsons, Kansas.

17.     As part of its triage of the report, NCMEC conducted a search for other CyberTip reports relating to "drstrom96" and found three prior reports: 84947557, 94203089, and 95382480.

18.     Report 84947557 related to a Kik report on or about January 22, 2021, where Kik identified its user "bigbluedust" with email address drstrom96@gmail.com had uploaded 9 files of apparent child pornography. Several of these files depicted prepubescent children engaged in oral sex.

19.     Report 94203089 related to a Snapchat report on or about July 2, 2021, where Snapchat identified its user "dustmuffin96" with email address drstrom96@gmail.com had uploaded a file depicting a 41 second video of a prepubescent female under the age of six, with her mouth around an adult's erect penis.  She steps away from the male, removes her shorts, exposes her genitals, turns and exposes her genitals and anus to the camera, and adult male hand grabs her bottom to manipulate her further.

20.     Report 95382480 related to a Snapchat report on or about July 14, 2021, where Snapchat identified its user "vikkingd" with email address drstrom96@gmail.com had uploaded a file that Snapchat identified as apparent child pornography. The file depicted a movie of an adult male subjecting a prepubescent female to anal penetration.

21.     NCMEC conducted a database check for the drstrom96@gmail.com account and found it connected to Dustin Kenneth Strom in Parsons, Kansas.

22.     On August 23, 2021, investigators obtained a search warrant, 21-MJ-6143-01-GEB for the residence of Strom. Investigators confirmed that the image of MINOR VICTIM 1 had been taken inside the residence of Strom and his girlfriend Thommie-Lyn Stansky in Parsons, Kansas. Strom was not home, but Stansky was present and confirmed the identity of MINOR VICTIM 1. Stansky's phone was collected. Later that same day, Strom was arrested and interviewed relative to his child pornography activities.

23.     In a Mirandized interview, Strom admitted to taking five or six pictures with his phone of MINOR VICTIM 1. Strom stated he took the photos at the request of another party on either the Grinder app or Kik app, approximately three months earlier, and admitted to sharing the

photos with the other party through the application on his phone. Strom admitted to using Snapchat. Strom also admitted to receiving a link to "hundreds" of images of child porn in return for the photos, which he viewed.

24.     Strom provided written consent to examine the contents of his phone, which revealed the presence of additional images of child pornography involving MINOR VICTIM 1. Additionally, Strom's phone revealed other images involving another minor child (MINOR VICTIM 2) subjected to sex acts which appear to be perpetrated by Strom (based upon the perpetrator's similar features to Strom, including a visible vein that appears on Strom's erect penis seen in other "selfie" photographs of Strom on his phone). MINOR VICTIM 2 was subsequently identified as a 2 year old child related to a former girlfriend of Strom's.

25.     Strom's phone also contained recent Snapchat messages with four different users from August 19-23, 2021, indicating Strom was currently using Snapchat account "truckmack21" to discuss the sexual abuse of MINOR VICTIM 1 and to engage in the trade of child pornography through direct messaging as well as through the transmission of links to a MegaNZ online storage account. For instance, in messages sent on August 23, 2021, Strom sent another user two MegaNZ links that connected to two different folders in the same MegaNZ account, including a link to a folder which bore MINOR VICTIM 1's name and contained images depicting the sexual abuse of MINOR VICTIM 1, while the other link contained child pornography (images depicting prepubescent children engaged in various sex acts) that appeared to have been obtained from other sources.

26.     Pursuant to the search warrant 21-MJ-6143-01-GEB, Stansky's phone revealed the presence of images of Strom engaged in sex acts with MINOR VICTIM 1 and (separately) MINOR VICTIM 2, as well as Stansky engaged in sex acts with MINOR VICTIM 1 and (separately) MINOR VICTIM 2.

27.     On August 27, 2021, Investigators returned to Parsons to interview Stansky a second time. During a Mirandized interview, Stansky admitted to engaging in sex acts with MINOR VICTIM 1 and MINOR VICTIM 2, and that such activity occurred in Parsons, Kansas around June of 2021. Stansky also admitted transmitting images of child pornography to Strom. Stansky also advised that she had seen Ivy Duvall (a girlfriend of Strom and cohabitant of Strom and Stansky in May-July 2021) engaged in sex acts with MINOR VICTIM 1.

28.     On August 27, 2021, investigators found and interviewed Duvall. During a Mirandized interview, Duvall admitted to a relationship with Strom that ended in July 2021. According to Duvall, Strom discussed his interest in child pornography and that he showed her child pornography on his phone. Duvall admitted she received child pornography from Strom via Snapchat.

29.     Ivy Duvall's phone was collected and examined pursuant to her consent. Review of activity on Ivy Duvall's phone showed it was an older phone (used in and prior to November 2020) that Duvall appeared to have started re-using only recently on August 26, 2021 (three days after Strom's arrest). Ivy Duvall identified her Snapchat account as "ivyphi" (**TARGET ACCOUNT 1**).

30.     Further manual examination of Stansky's phone revealed chats between Stansky and Strom. Text messages between Strom and Stansky reveal Strom discussing his account being shut down on July 2 (an apparent reference to his "dustmuffin96" account, reported on July 2, 2021, in CyberTipline Report 94203089). In the discussion of his account termination, Stansky asked "How did you get deleted and not me…" and "Did you send it to others or just me? Like people from kik?" to which Strom responded "just u" but then advised "I might have someone who just reported." Stansky responded "I wonder if someone on ur snap reported you…" Later, on July 2, Stansky sent a message with a screenshot of the Snapchat account "dustystrom20" (**TARGET ACCOUNT 2**) and asked if Strom remembered his password to the account. Strom indicated he did not.

31.     Manual examination of Stansky's Snapchat application on her phone showed she used her "countrygirlAZ" Snapchat account (**TARGET ACCOUNT 3**) to communicate with multiple accounts that appeared to be associated with Strom, including "vikkingd" (reported in CyberTipline Report 95382480 on July 14, 2021) and "dustystrom20" (**TARGET ACCOUNT 2**).

32.     While Strom used multiple Snapchat accounts, it appears Stansky and Duvall used their own Snapchat accounts over a longer period of time. Based on the timing of Strom's apparent usage of the "dustystrom20" account in July 2021, Strom appears to be using the account at the time he was engaging in his child pornography activity and communications with Stansky and Duvall. It is probable that these accounts, like Strom's other accounts, was used to communicate with Stansky and Duvall and contains evidence of Strom's child pornography activities.

## CHARACTERISTICS OF CHILD PORNOGRAPHERS

33.     From my own observation and experience, as well as conversation with other experienced investigators, including those at the Kansas ICAC, I have learned the following regarding child pornography offenders.

34.     The majority of individuals who collect child pornography are persons who have a sexual attraction to children.  They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature. In this investigation, Strom has exhibited an interest in the sexual exploitation of children, and appears to have found like-minded offenders in Stansky and Duvall to aid him in creating new depictions of children subjected to sex acts.

35.     The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification.  The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children. In this investigation, Strom appears to have created, distributed, received and retained images of minors engaged in sex acts, including on his device and in cloud storage.

36.     The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest

and associated behavior.  The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used. In this investigation, Strom is known to have used multiple mediums (such as Grindr, Kik, Snapchat, Gmail/Google Photos and other online storage) as part of the exploitation.

37.     The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or commercial profit.  This is particularly true where, as here, the individuals are in contact with other like-minded offenders.

38.     Because of the many characteristics which Strom manifests (discussed above), the Snapchat accounts created and operated by Strom, Stansky, and Duvall are likely to contain evidence of the above-described criminal activity, including: stored child pornography; messaging involving child pornography; and evidence associated with user attribution for the accounts (such as IP information, registration information, and message content that may explain who operated the account at a given time).

## DESCRIPTION OF ITEMS TO BE SEARCHED

39.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), by using the warrant

to require Snap, Inc. to disclose the information described in Attachment B (part I), for the account(s) described in Attachment A, which will be searched for evidence of the crimes described herein and as described in Attachment B (part II).

## CONCLUSION

40.     Based on the foregoing facts, there is probable cause to believe the above-identified account(s) (further described in Attachment A) have been used to facilitate or commit the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and that evidence of those criminal offenses will be located in the account(s) described above. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

41.     Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the account, listed in Attachment A, for the evidence listed in Attachment B.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, telephonically, on _____January 27_____, 2022.

GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

Page **12** of **18**

## **ATTACHMENT A**

### **Description of Account(s) to Searched/Examined**

This warrant applies to information associated with the Snapchat Accounts, identified as:

**dustystrom20**;

**countrygirlaz**; and

**ivyphi**;

that is stored at premises owned, maintained, controlled, or operated by Snap, Inc., a company

headquartered in Santa Monica, California.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be disclosed by Snap Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Snap Inc. ("Snapchat"), including any messages, records, files, logs, or information that have been deleted but are still available to Snap Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Snap Inc., from **May 1, 2021 to present** is required to disclose the following information to the government for each user ID listed in Attachment A:

(a)      All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, Snapchat passwords, Snapchat security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

(b)      All activity logs for the account and all other documents showing the user's posts, Snaps, Stories, Memories, Chat and other Snapchat activities;

(c)      All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them;

(d)      All profile information; memories, Snap Map, Snapstreaks, stories, status updates; links to videos, photographs, articles, and other items; notes; postings; friend lists, including the friends' Snapchat user identification numbers; groups and networks of which the user is a member; future and past event postings; rejected "Friend"

2

requests; blocked "Friend"; comments; and information about the user's access and use of Snapchat applications;

(e)     All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" requests;

(f)     All IP logs, including all records of the IP addresses that logged into the account;

(g)     All geographic location data (i.e. GPS coordinates) associated with the account;

(h)     All identifying information of devices used to access Snapchat account;

(i)     All information about the Snapchat pages that the account was a follower of;

(j)     All past and present lists of friends created by the account;

(k)     All records of Snapchat searches performed by the account;

(l)     The types of service utilized by the user;

(m)     The length of service (including start date);

(n)     All privacy settings and other account settings, including privacy settings for individual Snapchat posts and activities, and all records showing which Snapchat users have been blocked by the account;

(o)     All records pertaining to communications between Snapchat and any person regarding the user or the user's Snapchat account, including contacts with support services and records of actions taken.

Snapchat is hereby ordered to disclose the above information to the government within **30 DAYS** of issuance of this warrant. (Snapchat may request an extension, and such extension may be authorized by the receiving agent or agency, John Ferreira of HSI.)

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2251, 2252A(a)(2) and 2252A(a)(5)(B), as described in the Affidavit, including information pertaining to the following matters:

(a) The identity of the person(s) who created or used the Snapchat account, including records that help reveal the whereabouts of such person(s);

(b) Evidence indicating how and when the Snapchat account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Snapchat account owner;

(c) Evidence indicating the Snapchat account owner's state of mind as it relates to the crimes under investigation;

(d) Evidence of visual depictions of minors engaged in sexually explicit conduct, child pornography, child erotica, and communications pertaining to child pornography, child sexual abuse, and child sexual exploitation;

4

(e) Any and all depictions of MINOR VICTIM 1 or MINOR VICTIM 2, including non-pornographic depictions which may be used for comparison to child pornography involving MINOR VICTIM 1 or MINOR VICTIM 2;

(f) Evidence pertaining to operation of, or communication with, the Kik, Snapchat, and Gmail accounts described in the attached affidavit (and in the affidivts incorporated by reference therein);

(g) Evidence showing communications with or about minors, including but not limited to MINOR VICTIM 1 or MINOR VICTIM 2, and including communications with or about the parent(s) of MINOR VICTIM 2 who are known to law enforcement through the on-going investigation.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the HSI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

III.    **Method of delivery**

Items seized pursuant to this search warrant can be served by sending, on any digital media device, to Special Agent John V. Ferreira, ATTN: Kansas Internet Crimes Against Children Task Force, 1211 S. Emporia, Wichita, Kansas 67211